Filed 8/1/25  P. v. Pena CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL ANTHONY PENA,<br><br>    Defendant and Appellant. | B332780<br><br>(Los Angeles County Super. Ct. No. MA039645) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Strassner, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Shezad H. Thakor, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Daniel Pena (defendant) of second degree robbery and five counts of assault with an assault rifle. The trial court sentenced him to 40-plus years in prison. Years later, defendant sought resentencing pursuant to Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81), which made defendant-favorable amendments to Penal Code section 1385, and Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which amended Penal Code section 1170 to require lower term sentencing for youthful offenders unless contrary to the interests of justice. The trial court reduced defendant's sentence to 29 years and four months in prison. We are asked to decide whether this was an abuse of discretion because the court should have reduced defendant's sentence further—by dismissing a Three Strikes law prior conviction or by imposing a lower term sentence because of defendant's relatively young age at the time of the crimes of conviction.

## I.  BACKGROUND

### A.     *Defendant's Conviction and Original Sentencing*

Early one evening in August 2007, Derrick S. was working on an automobile parked on Larkin Avenue in the City of Palmdale. With him were his twin brother Darrion S. and three friends: Justine T., Joesph J., and Deon J. They were all teenagers; Justine was the youngest at age 13 and Joseph was the oldest at 18 years.

Defendant—then age 22—was driving in the area of Larkin Avenue and Christian Josue Bercian (Bercian) was his passenger. Defendant drove up to Derrick and the others and asked him if he "bang[ed]." Derrick said no, and defendant pointed an AK-47 rifle at him and others in the group, warning them not to make

2

any "fast moves." At defendant's instruction, Derrick then emptied his pockets, producing a flashlight and some quarters. When defendant asked what else he had, Derrick gave him a stack of compact disks from the vehicle he had been working on. When Bercian asked if they should "smoke 'em," defendant replied "no" and drove away.

Later that same evening, the police detained defendant and recovered an AK-47 that he had attempted to hide. All five victims identified defendant and Bercian at a field show-up as the men who accosted them, and defendant and Bercian were arrested.

The Los Angeles County District Attorney charged defendant and Bercian with robbing Derrick S. (Pen. Code,[1] § 211) and five counts of assault with an assault weapon (§ 245, subd. (a)(3)). The information alleged that all of the charged crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B) & (C)), that a principal used a firearm in the commission of the robbery (§ 12022.53, subds. (b) & (e)(1)), and that a principal was armed with an assault weapon in the commission of the assaults (§ 12022, subd. (a)(2)). In addition, the information alleged defendant had sustained a 2004 conviction for an attempted carjacking (§§ 215, subd. (a), 664), which qualified both as a prior "strike" conviction under the Three Strikes law and as a prior serious felony conviction.

A trial jury found defendant guilty as charged and found true all the alleged gang and firearm enhancements. A probation report prepared in advance of defendant's sentencing hearing

---

[1] Undesignated statutory references that follow are to the Penal Code.

3

enumerated several aggravating factors in the commission of the offenses of conviction: (1) "The crime involved [the] threat of great bodily harm[,] disclosing a high degree of cruelty, viciousness or callousness"; (2) "[D]efendant was armed with a weapon at the time of the commission of the crime"; (3) "The victims were particularly vulnerable"; (4) "The crime involved multiple victims"; (5) "The planning with which the crime was carried out indicated premeditation"; and (6) "[D]efendant has served prior prison terms." The report identified no mitigating factors.

Defendant admitted sustaining the attempted carjacking conviction alleged as a prior "strike" crime and the trial court sentenced him to 46 years and eight months in prison. With the exception of one of the assault convictions (count 4), the court imposed an upper term sentence for each conviction. On direct appeal, a different panel of this court corrected a sentencing error, reducing defendant's aggregate sentence to 45 years in prison, but otherwise affirmed the judgment.

### B.    Defendant's Resentencing

In 2022, defendant filed a petition for a writ of habeas corpus in this court and a different panel of this court issued an order to show cause returnable in the trial court. We opined that a prior grant of habeas corpus relief for defendant in the trial court reopened the finality of his criminal judgment for purposes of retroactive application of ameliorative legislation.

Back in the trial court, defendant filed a resentencing memorandum arguing the trial court should dismiss, pursuant to Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Assembly Bill 333), the jury's gang enhancement true findings and the related firearm enhancements. In addition, defendant argued Senate

4

Bill 81 required dismissal of his prior "strike" conviction and, regardless, the trial court should dismiss that "strike" pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. Finally, defendant maintained Senate Bill 567 mandated a lower term sentence on each conviction due to his young age at the time he committed the crimes. In support of his resentencing request, defendant submitted a number of documents attesting to his efforts at rehabilitation while in prison.

The District Attorney conceded Assembly Bill 333 required dismissal of the gang and related firearm enhancements, but he argued there should be no further reductions in defendant's sentence (and maintained the court should again impose upper term sentences based on defendant's criminal history). The District Attorney provided the court with a certified criminal history printout for defendant and materials concerning defendant's conduct while incarcerated and his assessed risk to the public if paroled.

The criminal history record reveals defendant committed vandalism as a juvenile, attempted carjacking in 2004 (at age 19), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in 2006 while on parole from the carjacking sentence. Shortly after being released from prison for the parole violation, defendant committed the robbery and assault crimes at issue in this appeal.

Prison rule violation reports provided by the prosecution detailed defendant's participation in three assaults on other inmates since his original sentencing. In 2012, defendant joined 40 other inmates in charging through a line of eight to ten correctional officers to attack four other inmates. In 2019, defendant and two inmates attacked another inmate. And in

February 2023, just three months before he filed his resentencing memorandum, defendant and his cellmate refused to comply with correctional officer orders and engaged in a fistfight with two other inmates. A "Comprehensive Risk Assessment" performed by the Forensic Assessment Division of the Board of Parole Hearings stated defendant "continued to show signs of behavioral instability" notwithstanding his "increased involvement in prosocial activities" and assessed he would present a "[h]igh risk for violence" if released.

Defendant's resentencing hearing was held in July 2023.[2] The trial court stated for the record that it had reviewed and considered all of the resentencing submissions filed by the parties, and the court heard argument from counsel. With the People's concurrence, the court dismissed the gang enhancements (and related firearm enhancements), which reduced defendant's sentence to a total term of 29 years and four months in prison. This sentence was comprised of: 24 years, or an upper term sentence of 12 years doubled in light of defendant's prior "strike," for the assault with an assault weapon conviction pertaining to Derrick; five years and four months, or one-third the middle term, doubled, for the assault with an assault weapon conviction pertaining to Darrion; 24 years for the remaining assault with an assault weapon convictions—to run concurrent with the 24-year sentence for assaulting Derrick; and two years for the robbery conviction, stayed pursuant to section 654.

In explaining the sentence imposed and its decision to reject the defense arguments for a further reduced sentence, the

_____

[2] The judge presiding was not the same judge that originally sentenced defendant.

trial court stated it viewed defendant as a "danger to public safety." The court believed defendant's "rehabilitative efforts" while in prison "were insufficient to deter [him] from committing . . . additional violent offenses" against other inmates. The court was also troubled by the circumstances of the offenses of conviction, observing that defendant "was armed not with a revolver or semi-automatic handgun, but with a fully functional and loaded . . . assault rifle. He chose to drive the streets of Lancaster. He found four children ages 13, 16, 16, and 17 in a residential neighborhood. After locating those victims, he . . . pointed the military-grade assault rifle at the children and directed one of them to empty his pockets. [¶] . . . [¶] When [defendant] discovered the child did not have anything of significance[,] . . . [he f]orc[ed] the 16-year-old to bring CDs from another person's car over to [defendant] at gunpoint." When specifically considering defendant's argument for a lower term sentence (rather than an upper term sentence), the court observed the law permitted it to consider defendant's prior convictions as an aggravating factor even in the absence of a jury finding or a stipulation by the defendant.

## II. DISCUSSION

The trial court did not err in concluding defendant was not entitled to a further reduction in sentence pursuant to Senate Bill 81 or Senate Bill 567. As a result of the reductions in sentence the trial court did make, the only available means of further reducing defendant's sentence as he requested would have been to dismiss defendant's prior "strike" conviction or to impose a lower-term sentence (rather than an upper-term sentence) for the assault with an assault weapon convictions.

7

The trial court's refusal to do the former was not an abuse of discretion because the trial court reasonably found, in light of the offenses of conviction, defendant's criminal history and violent behavior in prison, and defendant's assessed risk of committing future offenses, that dismissing the prior strike crime would endanger public safety.  The trial court's refusal to do the latter, because defendant's criminal history outweighed his age at the time of the offenses in this case, was not an abuse of discretion.

### A.     The Court Did Not Err in Refusing to Dismiss Defendant's Prior Strike Conviction

As amended by Senate Bill 81, section 1385, subdivision (c), currently provides in relevant part:  "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.  [¶]  (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(1)-(2).)  Among the mitigating circumstances in the subparagraphs that follow are these: "(C) The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed.  [¶] . . . [¶]  (H) The enhancement is based on

8

a prior conviction that is over five years old." (§ 1385, subd. (c)(2).)

We assume only for argument's sake (though consistent with "much" of Senate Bill 81's legislative history (*People v. Burke* (2023) 89 Cal.App.5th 237, 243 & fn.3)) that the just-quoted provisions bear on a trial court's discretionary decision of whether to dismiss a prior "strike" crime. Even so, the trial court did not err because its conclusion that dismissing defendant's prior "strike" crime would endanger public safety within the meaning of section 1385, subdivision (c) finds ample support in the record. (*People v. Walker* (2024) 16 Cal.5th 1024, 1029 ["*if the court does not find that dismissal would endanger public safety*, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement"], italics added.) Before committing the offenses in this case, defendant committed an attempted carjacking, a drug offense while on parole, and vandalism as a juvenile. Shortly after being released from the prison sentence for defendant's attempted carjacking, defendant committed the crimes in this case involving the use of a military-style assault rifle to rob and assault minors. Then, while serving time for his current convictions, defendant repeatedly committed violent acts against other inmates—the most recent of which occurred mere months before he filed his resentencing memorandum. Furthermore, the Forensic Assessment Division of the Board of Parole Hearings found defendant "continued to show signs of behavioral instability" and,

despite some improvement in his behavior, presented a "[h]igh risk for violence."[3]

### B. *The Trial Court's Refusal to Impose a Lower Term Sentence Was Not an Abuse of Discretion*

Before Senate Bill 567's passage, section 1170, subdivision (b), permitted sentencing courts to impose determinate sentences comprised of either the lower, middle, or upper terms. Sentencing courts had broad discretion to impose any of the three terms and could make factual findings on aggravating or mitigating circumstances as described in California Rules of Court, rules 4.421 and 4.423.

Senate Bill 567 was designed to create a "presumption of sentencing . . . not to exceed the middle terms, unless there are circumstances in aggravation of a crime that justify the imposition of the upper term." (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 567 (2021-2022 Reg. Sess.) Sept. 8, 2021, p. 4; Sen. Com. on Public Safety, Analysis of Sen. Bill No. 567 (2021-2022 Reg. Sess.) April 8, 2021, p. 3 ["SB 567 creates a presumption of sentencing . . . not to exceed the middle terms, unless there are circumstances in aggravation of a crime that justify the imposition of the upper term"].) In its

---

[3] Insofar as defendant continues to press the argument that the trial court abused its discretion in declining to dismiss his prior strike conviction even independent of the more defendant-favorable amendments made by Senate Bill 81 (i.e., pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and *People v. Carmony* (2004) 33 Cal.4th 367), the argument obviously fails in light of these same facts.

10

current form as amended by Senate Bill 567, section 1170 provides that "the court shall order imposition of the lower term if [¶] . . . [¶] [t]he person is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense," unless "the aggravating circumstances outweigh the mitigating circumstances" and "imposition of the lower term would be contrary to the interests of justice."[4]  (§ 1170, subd. (b)(6)(B).)

The only mitigating factor identified by the trial court at the resentencing hearing, or by defendant in his appellate briefing, is his relatively youthful age (22) when committing the robbery and assaults.  On the other side of the ledger, the trial court considered defendant's crimes committed at an even younger age, including attempted carjacking, as an aggravating factor.[5]  (See generally § 1170, subd. (b)(3) ["Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury"].)  In our judgment, the trial court's weighing of these factors and its decision to impose upper term, rather than lower term, sentences was not an abuse of discretion.  The trial court reasonably determined that imposing a lower or middle term sentence merely because defendant was 22 at the time of his most

---

[4]      Section 1016.7 defines a youth" as "any person under 26 years of age on the date the offense was committed."  (§ 1016.7, subd. (b).)

[5]      The defense argued during the hearing, without opposition, that the court's consideration of aggravating factors was limited to defendant's prior convictions.

recent convictions would not be in the interests of justice considering the nature and number of his prior crimes committed at an even younger age.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

HOFFSTADT, P. J.

MOOR, J.